**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAMIL L. HEARNS, | : | |
| | : | Case No. 2:19-cv-13353 (BRM) (JSA) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LEGISLATIVE DISTRICTS AND | : | |
| MEMBERS OF THE LEGISLATURE, et al.,: | | |
| | : | |
| Defendants. | : | |
| | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* prisoner Jamil L. Hearns' ("Plaintiff") Amended Complaint, filed pursuant to 42 U.S.C. § 1983. (ECF No. 5.) Based on his affidavit of indigence (ECF No. 1-1), the Court previously granted him leave to proceed *in forma pauperis* and ordered the Clerk of the Court to file the Complaint. (ECF No. 2.)

At this time, the Court must review the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Complaint should be dismissed in its entirety.

## I. BACKGROUND

According to the Amended Complaint, in 2011, prosecutors in Union County believed Plaintiff was involved in the shooting death of an unidentified victim.[1] (Am. Compl. (ECF No. 5) at 5.) At the time, they could only charge him with possession of a weapon, which they did on March 5, 2011. (*Id.*) Prosecutors continued to investigate, initially interviewing an individual named Mr. Jones on that date. (*Id.*) Mr. Jones allegedly told investigators he was not present at the crime scene and did not know who shot the victim. (*Id.*) After finding DNA evidence in his car, the police arrested Mr. Jones for murder. (*Id.*) On March 9, 2011, Mr. Jones admitted he was at the scene, but denied seeing the shooter. (*Id.* at 6.)  Further, "[d]uring the interview, [Mr. Jones] was also unable to describe the clothing [of the shooter], so the investigators assist him in this matter by ways of questions, answers and suggestion. Because after he already gave a color and description they then derailed it to plaintiff clothing and depiction." (*Id.*  ¶ 9.) Based on the interview, Plaintiff alleges prosecutors charged him with homicide a week later. (*Id.* ¶ 10.) One year later, Mr. Jones was arrested on federal charges and using those charges as leverage, Ms. Peterson, a prosecutor, "persuaded" Mr. Jones to say he had "seen Plaintiff shoot the victim and knows him from the neighborhood." (*Id.* ¶ 12.)

On March 18, 2014, Plaintiff's cellmate at Union County Jail, Tywan Cobb, stole and forged another inmate's name and number on an envelope and mailed allegedly incriminating information against Plaintiff to the Prosecutor's Office. (*Id.* ¶ 19.) Under investigators' "coaching," Mr. Cobb also made a statement which said Plaintiff told him that Plaintiff's co-

---

[1] The factual allegations are taken from the Amended Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

defendant told Plaintiff to shoot the victim over a carjacking and robbery, which occurred months earlier. (*Id*. ¶ 23.)

While Plaintiff was in "county," he was frequently "jumped" by gang members and sent to lock-up. (*Id*. ¶¶ 32-33.) When Plaintiff was in lock-up, Mr. Cobb was able to go through Plaintiff's belongings and steal his "name and number in order to write the Prosecutor." (*Id*. ¶ 33.) Further, Plaintiff alleges:

> U.C.J. also put plaintiff on 10a Pod with Mr. Hawkins, when he had a keep separate from him because he already made an incriminating statement on his co-defendant, in which he than [sic] wrote the Prosecutor claiming plaintiff told him he shot the victim because he knew this insubordinate Prosecutor will help him on his 2 Arm Robbery charges without question!

*Id.* ¶ 36.

"Union County Jail, Admin., SID and AI" also did not move Plaintiff to another jail after numerous incident reports of him getting beat up every other week by gang members, but instead kept putting plaintiff back on the same floor. *(Id.* ¶ 37.)

Plaintiff does not specify the relief he is seeking.

## II. LEGAL STANDARD

### A. Standard for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged

deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. DECISION

### A. New Jersey Legislature

Plaintiff names the New Jersey State Legislature as a defendant, stating:

> The laws do not protect defendant's [sic] from Jailhouse Witnesses/Informants while under Government care. Prosecutor's and their investigators have too much power and discretion on how they conduct and/or ability to coerce, scare, intimidate, threaten or bribe Witnesses/Informants. . . . Perjury should be a First Degree crime. 25 yrs. Max and $10,000 fine. Force Individuals to be Honorable!!! We the people, need mandatory laws not discretionary in order to prohibit such acts.

ECF No. 5 at 4.

However, legislators hold absolute immunity from suit and liability for their legislative activities. *Youngblood v. DeWeese*, 352 F.3d 836, 839 (3d Cir. 2003) (citing *Tenney v. Brandhove*, 341 U.S. 367 (1951)). Because he has named the Legislature as a defendant based entirely on "legislative activities," the claim against it is dismissed with prejudice.

### B. Prosecutor Defendants

It appears Plaintiff is attempting to bring a claim against the Union County Prosecutor's Office, the individual prosecutors and investigators for malicious prosecution. To state a claim for malicious prosecution under § 1983, a plaintiff must allege: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

Here, Plaintiff has failed to allege his underlying criminal proceeding was terminated in his favor; nor does it appear he could, as he acknowledges he was sentenced to 45 years in prison. (ECF No. 5 ¶ 38.) Accordingly, he has failed to sufficiently allege a claim for malicious prosecution and any intended claim is dismissed without prejudice.[2] *Bracken v. Cty. of Allegheny*, 760 F. App'x 81, 84 (3d Cir. 2019) ("To proceed [with malicious prosecution claim], DeForte must plead, *inter alia*, that the criminal proceeding ended in his favor . . . .").

### C. Union County Jail Departments and Employees

To the extent Plaintiff intended to name the Jail or its departments as defendants, those claims are dismissed with prejudice. Neither a county jail nor a county department are "persons" amenable to suit under § 1983. *See Walker v. Cty. of Gloucester*, No. 15-7073, 2018 WL 1064210, at *3 (D.N.J. Feb. 27, 2018) (collecting cases); *see also Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013).

Assuming Plaintiff intended to name Doe defendants who were employed by the jail, those claims are also dismissed. The statute of limitations for § 1983 claims is "governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises." *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Cito v. Bridgewater Township Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). Under New

---

[2] To the extent Plaintiff also intended to raise a claim for fabrication of evidence, said claim would also be dismissed on the same basis. *See Baskerville v. City of Harrisburg*, No. 19-420, 2020 WL 108421, at *4 (M.D. Pa. Jan. 9, 2020) (citing *McDonough v. Smith*, 588 U.S. ——, 139 S. Ct. 2149, 2155-59, 204 L.Ed.2d 506 (2019) ("The Supreme Court has expressly likened [a fabrication of evidence] claim to malicious prosecution, thus requiring—as an element—favorable termination of the related criminal proceedings"); *Floyd v. Attorney Gen. of Pennsylvania*, 722 F. App'x 112, 114 (3d Cir. 2018) ("Because Floyd's malicious prosecution and fabrication of evidence claims do not accrue until the criminal proceedings have terminated in Floyd's favor, and Floyd has not demonstrated as much, they are barred by *Heck*.").

Jersey law, personal injury actions are subject to a two-year statute of limitation. *See* N.J. Stat. Ann. § 2A:14–2(a) ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued . . . ."). A state's tolling principles also govern Section 1983 claims when they do not conflict with federal law. *Kach*, 589 F.3d at 639. However, "the accrual date of a Section 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *see also Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 (3d Cir. 2007) ("[T]he accrual date for federal claims is governed by federal law, irrespective of the source of the limitations period.").

> Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based,' even if 'the full extent of the injury is not then known or predictable.' This is 'an objective inquiry' about what 'a reasonable person should have known.

*Rascoe v. Cody*, 763 F. App'x 228, 231 (3d Cir. 2019) (quoting *Kach*, 589 F.3d at 634-35).

While a plaintiff is not required to plead the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court has observed if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff alleges in 2014, jail officials failed to stop his cellmate, Tywan Cobb, from going through his belongings while he was in "lock up" to get his name and prisoner number so he could send the prosecutor false information about Plaintiff's case. (ECF No. 5 ¶¶ 19, 20, 33). While the exact nature of the constitutional claim Plaintiff intended to raise against these jail officials is unclear, the Court finds any such claim would be time barred. At a minimum, Plaintiff was aware

jail officials had permitted Mr. Cobb to go through his belongings and write to the prosecutor in Plaintiff's case in 2014 because Mr. Cobb testified against Plaintiff at that time. (ECF No. 5 ¶ 21.) Therefore, when Plaintiff filed his original Complaint in May 2019, the two-year statute of limitations had long since run on any such claim against jail officials. *See Rascoe*, 763 F. App'x at 231.

Any intended claim for failing to protect Plaintiff from assaults by gang members at the jail is also time barred. Certainly, Plaintiff was aware of the assaults and the jail's alleged failure to protect him from the assaults when the incidents occurred. (ECF No. 5 ¶¶ 19, 20, 33). As discussed above, when Plaintiff was in lock up following one of the assaults, Mr. Cobb was able to go through Plaintiff's belongings and use the information to write to the prosecutor on Plaintiff's case. Because Mr. Cobb testified against Plaintiff in 2014, the assaults occurred prior to that time. (ECF No. 5 ¶¶ 21, 32, 33, 37.) Even giving Plaintiff the benefit of a 2014 date of accrual, this claim was still filed approximately three years after the statute of limitations expired.[3]

---

[3] In an exhibit submitted to the docket, Plaintiff included a letter he received from an Assistant Ombudsman summarizing a request from Plaintiff for various documents. (ECF No. 4-1.) The letter also states Plaintiff was transferred from Union County Jail to New Jersey State Prison in January 2015. (*Id.*). Even giving Plaintiff the benefit of his transfer date as the date for his assaults, his claims would still be untimely.

Accordingly, absent any basis for tolling, any intended claims against Union County Jail officials are barred by the statute of limitations.[4] These claims will therefore be dismissed without prejudice.[5]

**D. Judge Peim**

According to the Amended Complaint, Plaintiff brings a claim against Judge Peim, who presided over his state criminal trial, for permitting the jailhouse informants to testify against him even though he "was intellectually aware of the perjury" by those informants. (ECF No. 5 ¶¶ 29, 30, 48.) Judge Peim was also allegedly aware of the "mail fraud" by Mr. Cobb when he used another inmate's name to write to the prosecutor and inform on Plaintiff, but he did nothing about it. (*Id.* ¶ 20.)

Judges are generally "immune from a suit for money damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). Moreover,

---

[4] Where appropriate, a statute of limitations dismissal must consider the applicability of tolling doctrines. *See Wisniewski*, 857 F.3d at 157–58 (reversing dismissal and remanding for consideration of whether time spent in exhausting administrative remedies tolled the Section 1983 limitations period). Statutory tolling, under New Jersey law, may arise from bases specifically listed in the statute. *See*, *e.g.*, N.J. Stat. Ann. § 2A: 14–21 (minority or insanity); N.J. Stat. Ann. § 2A: 14–22 (non-resident defendant). Equitable tolling may be appropriate "where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie Street Police Dep't*, No. 10–0497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (citing *Freeman v. State*, 788 A.2d 867 (N.J. Super. Ct. App. Div. 2002)). No basis for statutory or equitable tolling is pled in the Amended Complaint, and none is suggested by the circumstances. Plaintiff does include some grievance forms he filed with the Department of Corrections regarding these incidents, but he did not file them until November/December 2019, after he had already filed his original Complaint here, and the statute of limitations had long since expired. (ECF No. 6-1, Pa 34-35.)

[5] The Court notes these claims would also be dismissed under *Iqbal* as he failed to allege sufficient facts to support either claim. Specifically, against whom these claims are actually brought; who was aware of the assaults; how were they aware; when were they aware of the incidents, etc. *Iqbal*, 556 U.S. at 678.

judicial immunity grants judges "immunity from suit, not just from an ultimate assessment of damages." *Mireles*, 502 U.S. at 11. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority . . . ." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Rather, judicial immunity will only be overcome if (1) the challenged actions were not taken in the judge's judicial capacity or (2) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. The Supreme Court has held "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 12 (alteration in original) (quoting *Stump*, 435 U.S. at 362).

Here, it is clear Plaintiff's complaints about Judge Peim fall squarely within his role as a judge. All actions were taken in the course of Plaintiff's trial in which Plaintiff believes there were incorrect rulings or a failure to act to prevent certain testimony. Accordingly, his claims against Judge Peim are dismissed with prejudice. *Id.*

### E. Testimony from Jailhouse Informants

Finally, Plaintiff alleges a claim against Tywan Cobb, Algere Jones and Ricky Hawkins, stating they have "committed Perjury, Falsifying, Breaking the Oath Vows, Mail fraud!" (ECF No. 5 at 5.) To the extent he is seeking charges of mail fraud against these individuals, such a claim is dismissed. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that private persons do not have a "judicially cognizable interest in the prosecution . . . of another"). His remaining claims against them are also dismissed because a witness enjoys absolute immunity from damages under § 1983 for false testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 330–46 (1983) (officer testifying in criminal trial enjoys absolute witness immunity for false testimony); *Kulwicki v. Dawson*, 969

10

F.2d 1454, 1467 (3d Cir. 1992) (witness testifying in judicial proceeding is absolutely immune for false testimony); *Williams v. Hepting*, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearing); *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012) (a grand jury witness has absolute immunity from any § 1983 claim based on the witness's testimony).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Complaint is **DISMISSED** in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted[6] as follows: the claims against the Legislature, Judge Peim, and the three jailhouse informants who testified against Plaintiff are **DISMISSED WITH PREJUDICE**, and the remaining claims are **DISMISSED WITHOUT PREJUDICE**. Because it is conceivable Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, Plaintiff may move to re-open this case and file a proposed second amended complaint. An appropriate order follows.

Date:  October 7, 2021

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[6] To the extent the Complaint raises claims under New Jersey state law, the Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (finding that district courts may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction).